Harold **LATHAM; Norma Latham,** Plaintiffs—Appellants,

v.

**GOLD COUNTRY CASINO; Berry Creek Rancheria of Maidu Indians, Defendants—Appellees,**

and

**ASU Group; K & K Insurance; Michigan Claim Service, Inc., dba ASU Group, Defendants.**

No. 03–16524.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Nov. 23, 2005.

John T. Larimer, Esq., Yuba City, CA, for Plaintiffs–Appellants.

Michael B. Murphy, Esq., Severson & Werson, San Francisco, CA, Charles S. Painter, Esq., Ericksen Arbuthnot Brown Kilduff & Day, Sacramento, CA, for Defendants–Appellees.

Before: GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Harold and Norma Latham (collectively, the "Lathams") appeal the district court's dismissal of their tort claims against Gold Country Casino and The Berry Creek Rancheria of Maidu Indians (the "Tribe"). The district court dismissed the Lathams' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief may be granted. We affirm the district court's dismissal, but due to lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), an alternate ground supported by the record. *See Jewel Cos. v. Pay Less Drug Stores Northwest, Inc.,* 741 F.2d 1555, 1564–65 (9th Cir.1984).

A Tribal–State Compact formed under the Indian Gaming Regulation Act, 25 U.S.C. § 2701, *et seq.,* (the "IGRA"), such as the one entered into by the Tribe and the State of California, is "quite clearly . . . a creation of federal law" and the "IGRA prescribes the permissible scope of the Compact[ ]." *Cabazon Band of Mission Indians v. Wilson,* 124 F.3d 1050, 1056 (9th Cir.1997). While the district court has jurisdiction to enforce the Compact's terms as between the State and the Tribe, *see id.,* without the Tribe's express waiver of sovereign immunity, it does not have jurisdiction to hear the Lathams' private third-party beneficiary claims arising under the Compact. The Compact specifically limits third-party beneficiary rights in § 15.1, stating that "[e]xcept to the extent expressly provided . . . this Gaming Compact is not intended to, and shall not be construed to, create any right on the part of a third party to bring an action to enforce any of its terms."

Additionally, we have held that there is no general private right of action under

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

the IGRA, other than that explicitly stated within the Act. *Hein v. Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1260 (9th Cir.2000). No private right of action exists in the IGRA that would allow the Lathams to argue their claims in federal court. Because the Lathams may not sue directly under the IGRA, and the Tribe has not waived sovereign immunity to third-party beneficiary lawsuits arising under the Compact, the district court properly dismissed this case, but should have done so pursuant to Federal Rule of Civil Procedure 12(b)(1).

AFFIRMED.